IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT HENRY COPIER,<br><br>Plaintiff,<br><br>vs.<br><br>RAY MARTINEAU, et al.,<br><br>Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:12-cv-484 |

On November 6, 2012, the Honorable Brooke Wells issued a Report and Recommendation in the above-captioned matter in which she recommended that the case be dismissed for lack of subject matter jurisdiction. (Dkt. No. 71.) On November 9, 2012, Plaintiff Robert Copier filed an objection to Judge Wells's report. (Dkt. No. 74.) Under Rule 72(b)(3), the court now examines Mr. Copier's objections *de novo*.

First, Mr. Copier argues that Judge Wells improperly dismissed his case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. But she did not do so. Instead, she recommended that the case be dismissed for lack of jurisdiction as required by the Federal Rules: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Judge Wells found that the court lacked jurisdiction for two reasons. First, she held that the court did not have diversity jurisdiction because the evidence showed that Mr. Copier, like the Defendants in the case, was a resident of Utah. Mr. Copier claims that Judge Wells applied

an erroneous standard because she failed to draw a distinction between the concepts of residence and domicile.  Because residency is a necessary condition to demonstrate domicile, the court reaches the same conclusion as Judge Wells on the basis of the evidence before it.

To satisfy the court that the parties are diverse in this matter, Mr. Copier must show that he resides in another state and that he has the intention to remain there indefinitely:

> For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile.  To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely. . . .  Statutes conferring diversity jurisdiction are to be strictly construed.  Where a plaintiff's claim of diversity is challenged, plaintiff has the burden of proof.

*Crowley v. Glaze*, 710 F.2d 676 (10th Cir. 1983).  Mr. Copier has provided no competent evidence that he resides in a state other than Utah.  As a result, the court need not reach the question of Mr. Copier's subjective intent.  And even if the court did reach that question, the evidence that Mr. Copier intends to reside in either Colorado or Wisconsin, as he claims, is similarly deficient.

In response to an Order to Show Cause issued by Judge Wells (Dkt. No. 26), Mr. Copier failed to produce any credible evidence that he resides in either Colorado or Wisconsin.  Instead of submitting a sworn affidavit or documentary evidence, such as a driver's license or electricity bills, Mr. Copier filed a single page of a legal brief that contained a sentence, which Mr. Copier wrote himself, stating that Mr. Copier was a citizen and resident of Colorado.[1]  He also attached a blurry picture in which he is allegedly cheering on a cycling contestant in Denver, Colorado.  Finally, Mr. Copier claimed that, "depending on the degree of judicial intrusiveness," he could

---

[1] Mr. Copier did not provide the citation to the case from which this brief was taken.

produce a property tax document of his wife that lists Mr. Copier as her spouse and as a resident of her Denver home.[2]

Against this inconclusive evidence, the Defendants provided a quitclaim deed showing Mr. Copier as the grantee of a property in Salt Lake City, Utah. (Lowe Aff., Ex. A, Dkt. No. 28-1.) In his affidavit, Defendant William Lowe stated that in 2003 and for several years thereafter, Mr. Lowe often met Mr. Copier at this address to take him to the airport. (*Id.*) The Defendants also provided affidavits stating that one of the Defendants has "had no reason to know or believe [Mr. Copier] has at any time been a resident of any State other than the State of Utah." (Libin Aff. ¶ 6, Dkt. No. 28-2.) Finally, Mr. Copier does not dispute that he maintains an office in Salt Lake City and that he has listed this address for his contact information in this case. He even asserts that he plans to buy season ski passes at Alta and Brighton and that he would like to be put back on the CJA felony panel for the United States District Court in the District of Utah. (Pl.'s Resp. to Order to Show Cause, at 3, Dkt. No. 44.)

Given the absence of any competent evidence showing that Mr. Copier is a resident of a state other than Utah, the court finds that Mr. Copier has not met his burden to demonstrate diversity. Mr. Copier cannot establish diversity jurisdiction simply with a bald assertion, unaccompanied by a sworn affidavit, that he intends to reside elsewhere. The court agrees with Judge Wells in her thorough analysis of this issue. Since Mr. Copier has not provided the court with any evidence that he has multiple residences (or even a single residence outside of Utah), the court need not reach the question of which of these several residences is Mr. Copier's

---

[2]Mr. Copier stated that he would need to redact the document before filing it with the court.

domicile for the purposes of diversity jurisdiction.

Mr. Copier also objects to Judge Wells's ruling because she found that the court lacked federal question jurisdiction to hear his claims.  In his Second Amended Complaint (Dkt. No. 14), Mr. Copier alleges violations of 42 U.S.C. §§ 1983 and 1988 against Defendant Ray Martineau.  But Mr. Martineau is not a state actor for the purposes of this statute simply because he is an attorney.  And even if the court were to grant Mr. Copier's request to add Judge Dever as a Defendant, the judge would be shielded by judicial immunity and not subject to these claims as the facts are currently pled.  The court does not gain federal question jurisdiction simply because Mr. Copier has recited the magic words of 42 U.S.C. § 1983.  If the alleged claim "clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or . . . is wholly insubstantial and frivolous," then the court must dismiss the case for lack of jurisdiction.  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).  The court agrees with Judge Wells that Mr. Copier's Section 1983 claims are clearly without merit.  Accordingly, the court has no federal question jurisdiction.

Because the court finds that the parties are not diverse and that there are no federal questions in this case, the court must dismiss the case for lack of jurisdiction.  The court declines to allow Mr. Copier to file an amended complaint to fix these jurisdictional issues for a number of reasons.  First, while it is normally the court's practice to give a pro se plaintiff the opportunity to amend a complaint before dismissing a case, Mr. Copier is not a typical pro se plaintiff—he is an attorney.  Additionally, Mr. Copier has already filed two amended complaints and has moved the court for leave to amend a third time.  (Dkt. No. 73.)   The court has examined Mr. Copier's Proposed Third Amended Complaint and finds that it fails to cure the jurisdictional defects that

4

the court has discussed above. Finally, the court is concerned that this lawsuit has become a vehicle for harassment. There are currently twenty pending motions in this case, eighteen of which were filed by Mr. Copier, and all but one of which were filed within the past two months. Because the court lacks jurisdiction, it has not examined these motions and makes no ruling here whether Mr. Copier's actions have been vexatious. But the court does find that Mr. Copier failed to respond to Judge Wells's Order to Show Cause in a forthright manner. For these reasons, the court declines to allow him to further amend his complaint.

The court orders the clerk of the court to close the case and to terminate all pending motions as moot.

SO ORDERED this 6th day of December, 2012.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge